David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com*

Attorneys for Plaintiff MY GAMEROOM, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MY GAMEROOM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC., a Rhode Island corporation; KILBURN MEDIA, LLC, a California limited liability company; KILBURN LIVE, LLC, a Delaware limited liability company, KH FEC, LLC, a Delaware limited liability company, TGR AD, LLC, a Delaware limited liability company; THE GAME ROOM FEC, LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>Assigned to:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Federal Trademark Infringement in Violation of 15 U.S.C. § 1114**<br>2. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)**<br>3. **Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c)(1)**<br>4. **Violation of California Business & Professions Code §§ 17200,** *et seq.*<br>5. **Violation of California Business & Professions Code §§ 17500,** *et seq.*<br><br>**-JURY TRIAL DEMANDED-** |

TO THE COURT, Plaintiff MY GAMEROOM, LLC ("MGR") hereby complains and alleges as follows:

1

**COMPLAINT**

## JURISDICTION AND VENUE

1. This action arises from infringement of a Federally-Registered Trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); from unfair competition and false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); unfair competition and false advertising in violation of California Business and Professions Code §§ 17200, *et seq*. and 17500, *et seq*.

2. The Court possesses subject-matter jurisdiction over the federal trademark, unfair competition, and false designation of origin or sponsorship claims in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

3. The Court possesses subject-matter jurisdiction over the California State Law claims, pursuant to 28 U.S.C. §§ 1338 and 1367.

4. The Court may exercise personal jurisdiction over Defendants because they have contacts with and conduct substantial business within the State of California and this judicial district. Defendants offer services which directly compete with Plaintiff MGR's products in this judicial district and unlawfully use Plaintiff MGR's registered trademark in related online advertising disseminated in this judicial district and intentionally targeted to this judicial district, in order to offer competing products for sale in this judicial district, causing tortious injury to Plaintiff MGR within this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants transact affairs in this district, including by unlawfully offering to sell and selling infringing products in this judicial district, in connection with Plaintiff MGR's registered trademark.

## PARTIES

6. Plaintiff MGR, is now, and at all relevant times, a limited liability company organized and existing under the laws of the State of Delaware.

7. On information and belief, Plaintiff alleges Defendant Hasbro, Inc ("HASBRO") is a corporation organized and existing under the laws of the State of Rhode Island.

Defendant HASBRO is a multi-billion dollar toy and game company. On information and belief, Defendant HASBRO is located at 1027 Newport Ave, Pawtucket, RI 02861. Defendant HASBRO and its affiliates conduct business within this District and throughout the United States via the Internet website *https://shop.hasbro.com/enus*.

8. On information and belief, Plaintiff MGR alleges Defendant KILBURN MEDIA, LLC ("KILBURN MEDIA") is a limited liability company organized and existing under the laws of the State of California. Upon information and belief, Plaintiff MGR further alleges Defendant KILBURN MEDIA is the parent company to co-Defendants KILBURN LIVE, LLC ("KILBURN LIVE"), KH FEC, LLC ("KH FEC"), TGR AD, LLC ("TGR AD") and THE GAME ROOM FEC, LLC ("TGR FEC"). On information and belief, Plaintiff further alleges Defendant KILBURN MEDIA is located at 11333 Iowa Avenue, Los Angeles, California 90025.

9. On information and belief, Plaintiff MGR alleges Defendant KILBURN LIVE, is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, Plaintiff MGR further alleges Defendant KILBURN LIVE is the holder of a license agreement with Hasbro to operate a game store using games owned by HASBRO called "The GameRoom." On information and belief, Plaintiff further alleges Defendant KILBURN LIVE is located at 11333 Iowa Avenue, Los Angeles, California 90025. Defendant KILBURN LIVE is a debtor in a Chapter 7 bankruptcy pending in the District of Delaware. This lawsuit and the claims against Defendant KILBURN seek *only injunctive relief* against Defendant KILBURN LIVE so as to not violate the automatic stay of 11 U.S.C. § 362.

10. On information and belief, Plaintiff MGR alleges Defendant KILBURN LIVE conducts business throughout the United States via the Internet website *https://www.kilburnlive.com/* and also operates or oversees the website *https://gameroomad.com/*. On information and belief, Plaintiff MGR further alleges KILBURN LIVE's recent Bankruptcy, is an attempt to circumvent Plaintiff MGR's cease and desist and avoid liability which is now further hurting Plaintiff MGR's brand and

business reputation as search engine results currently create a false association by and between Plaintiff MGR and Defendant KILBURN LIVE. This false association creates confusion as to Plaintiff MGR being in bankruptcy when it is in actuality Defendant KILBURN LIVE and Defendant TGR FEC who is in bankruptcy.

11. On information and belief, Plaintiff MGR alleges Defendant KH FEC is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Plaintiff MGR further alleges Defendant KH FEC, is the holder of a license agreement with HASBRO to operate a game entertainment center using games owned by HASBRO called "The GameRoom". On information and belief, Defendant KH FEC is located at 11333 Iowa Avenue, Los Angeles, CA 90025 and/or at 125 Shawnee Trail, Celina, Texas, 75009. Defendant KH FEC is a debtor in a Chapter 7 bankruptcy pending in the District of Delaware. This lawsuit and the claims against Defendant KH FEC seek *only injunctive relief* against Defendant KH FEC so as to not violate the automatic stay of 11 U.S.C. § 362.

12. Defendant KH FEC conducts business throughout the United States via the Internet website *https://www.kilburnlive.com/* and also operates or oversees the website *https://gameroomad.com/*. On information and belief, Plaintiff MGR alleges KH FEC's recent Bankruptcy, is an attempt to circumvent Plaintiff MGR's cease and desist and avoid liability which is now harming Plaintiff MGR's brand and business reputation as search engine results currently create a false association by and between Plaintiff MGR and Defendant KH FEC. This false association creates confusion as to Plaintiff MGR being in bankruptcy when it is in actuality Defendant KH FEC and Defendant TGR FEC who is in bankruptcy.

13. On information and belief, Plaintiff MGR alleges Defendant TGR AD is a limited liability company, organized and existing under the laws of the State of Delaware. On information and belief, Plaintiff MGR further alleges Defendant TGR AD holds a sublicense of and/or rights to use both Defendant KILBURN and HASBRO's in operating a family game center building located in East Rutherford, New Jersey and they

may also operate the website *https://gameroomad.com/*. On information and belief, Plaintiff MGR further alleges, Defendant TGR AD operates as American Dream and is offering and promoting their services under the infringing "The GameRoom" trademark described below.

14. On information and belief, Plaintiff MGR alleges Defendant TGR FEC is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Plaintiff MGR further alleges Defendant TGR FEC, is the holder of a license agreement with HASBRO to operate a game store using games owned by HASBRO called "The GameRoom". On information and belief, Defendant KH FEC is located at 11333 Iowa Avenue, Los Angeles, CA 90025 and/or at 1209 Orange Street, Wilmington, DE 19801. Defendant TGR FEC is a debtor in a Chapter 7 bankruptcy pending in the District of Delaware. This lawsuit and the claims against Defendant TGR FEC seek *only injunctive relief* against Defendant TGR FEC so as to not violate the automatic stay of 11 U.S.C. § 362.

15. Defendants Does 1 through 10, whose identities and addresses are currently unknown to Plaintiff MGR, are individuals and/or corporate entities that engaged in the unlawful activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

16. Plaintiff MGR is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

17. Defendants HASBRO, KILBURN MEDIA, KILBURN LIVE, KH FEC, TGR AD, TGR FEC, and Does 1 – 10 shall be collectively referred to in this Complaint as "Defendants" where applied.

## GENERAL FACTUAL ALLEGATIONS

18. Plaintiff MGR owns all right, title, and interest in the MY GAMEROOM® trademarks which are the subject of U.S. Trademark Reg. No. 5610251 (Reg. Date November 20, 2018 in Class 41) and U.S. Trademark Reg. No. 5599648 (Reg. Date November 6, 2018 in Class 42) (collectively, "MY GAMEROOM® trademarks"). True and correct copies of the MY GAMEROOM® registrations are incorporated by reference and attached as **Exhibit "A"** to this Complaint.

19. Plaintiff MGR's MY GAMEROOM® trademarks received incontestability status on or about February 17, 2025 ('648 Mark) and March 3, 2025 ('251 Mark) as evidenced in **Exhibit "B"** to this Complaint.

20. Plaintiff MGR primarily offers entertainment services by providing business-to-consumer and business-to-business websites with a turnkey, white-label game-focused platform offering use of non-downloadable, interactive, free-to-play gaming systems for one or more players and creating online communities for free-to-play casino style game users under the MY GAMEROOM® trademarks. Plaintiff MGR's online entertainment services are available for public consumption at the following domain: *https://mygameroom.com/*.

21. As a result of the extensive, exclusive, and continued use of the MY GAMEROOM® trademarks in connection with its online entertainment services consumers have come to recognize and identify the MY GAMEROOM® trademarks as representative of a high-quality provider of an array of games, including free to play games, under an online game hub/gaming portal, fostering social interaction, organized game play, and the chance to win prizes.

22. The MY GAMEROOM® trademarks have become a valuable asset of Plaintiff MGR as well as a symbol of its goodwill and positive reputation.

23. Plaintiff MGR brings this lawsuit to protect the substantial goodwill it has developed in its distinctive MY GAMEROOM® trademarks.

/ / /

24. Defendants' actions, alleged herein, have threatened to harm, harmed, and continue to harm and impair the goodwill and reputation Plaintiff MGR has worked hard to cultivate in an extremely competitive industry.

25. Defendants have exploited the MY GAMEROOM® trademarks and/or confusingly similar marks extensively in their marketing efforts, including social media, to offer entertainment services, with a variety of HASBRO games, in a brick-and-mortar entertainment center located at 1 American Dream Way East, Rutherford, New Jersey 07073.

26. Defendants' website, *https://gameroomad.com/*, states the following: "THE GAMEROOM, Powered by Hasbro, is an innovative new entertainment concept being developed for the US and Canadian markets. We are raising the bar on fun with an amazing collection of curated immersive experiences, brought to life through iconic licensed Hasbro content and combined with exceptional food and beverage offerings."

27. In a failed trademark application, filed on January 27, 2022 and abandoned on September 26, 2022 (U.S. Serial No. 97242279), Defendants further described their services as: "Providing entertainment services in the nature of indoor amusement complexes being a type of providing amusement centers services; Entertainment services in the nature of indoor amusement complexes being a type of providing amusement centers featuring rooms for gaming, videos, entertainment, amusement and recreational purposes; Amusement centers; Family entertainment being a type of amusement center and amusement center."

28. Plaintiff MGR is informed and believes, and based thereon, alleges, Defendants, in their marketing efforts, have infringed, and continue to infringe, upon Plaintiff MGR's rights by and through Defendants' selective keyword advertising utilizing the MY GAMEROOM® trademarks.

29. AdWords is a service provided by Google through which advertisers purchase terms (or keywords) that will trigger the display of their advertisements in Google search results.

30. When an advertiser bids on a keyword, and when an internet user enters that keyword into the Google search engine, the keyword triggers the appearance of the advertiser's advertisement in the search results. Specifically, the Google search engine presents an ordered list of relevant websites identified by the Google database with the most relevant website listed first. The Google search engine also presents a separate list of websites in a "sponsored links" section, either at the top or in the right margin of the search results screen.

31. When the user clicks on an advertisement, the user is taken to the advertiser's website.

32. Advertisers pay Google based on the number of times internet users click on the advertiser's advertisements.

33. Plaintiff MGR is informed and believes, and based thereon, alleges, Defendants have used Google's AdWords services to bid on multiple keywords, spending thousands of dollars in their online marketing campaign.

34. Plaintiff MGR is informed and believes, and based thereon, alleges, Defendants, without Plaintiff MGR's consent, bid on variations of Plaintiff MGR's MY GAMEROOM® trademarks for use in Google AdWords.

35. When an internet user searches using Plaintiff MGR's MY GAMEROOM® trademarks, with the Google search engine, Defendants' paid for advertisement, for Defendants' gaming location utilizing Plaintiff MGR's MY GAMEROOM® trademarks, would, and continues to, display in the Google search results.

36. As a result of Defendants' use of Plaintiff MGR's MY GAMEROOM® trademarks through Google AdWords, internet users who searched for Plaintiff MGR were and are currently being diverted to Defendants' website.

37. Moreover, as a result of Defendants' misconduct, actual confusion occurred about the relationship between Plaintiff MGR and its online entertainment website, on the one hand, and Defendants and their gaming location, on the other hand. This confusion occurred because users who had searched Plaintiff MGR's MY GAMEROOM®

trademarks were looking for and expected to find Plaintiff MGR's website and/or information about Plaintiff MGR's online gaming services. Instead, such users were diverted to Defendants' website at *https://gameroomad.com/*.

38. Defendants' infringement through the use of Google AdWords was not limited to use of Plaintiff MGR's MY GAMEROOM® trademarks. Plaintiff MGR is informed and believes, and based thereon, alleges Defendants engaged in a pattern and practice of bidding on related keywords directed at causing confusion between Plaintiff MGR's services and Defendants' services

39. On or about October 24, 2024, Plaintiff MGR directed correspondence to Defendants demanding they cease and desist of the infringing use of Plaintiff MGR's MY GAMEROOM® trademarks. Defendants have refused to cease and desist the infringing use of Plaintiff MGR's MY GAMEROOM® trademarks which continues to this day.

40. Even after their receipt of notice of their infringing use, Defendants' continue to willfully exploit Plaintiff MGR's MY GAMEROOM® trademarks on their physical gaming location and in connection with their marketing effort knowing such use is likely to, and has, caused confusion and was causing actual confusion with consumers in the relevant marketplace.

## FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF 15 U.S.C. § 1114
### BY PLAINTIFF MGR AGAINST ALL DEFENDANTS

41. Plaintiff MGR realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them by reference herein.

42. As herein alleged, Defendants' willful, deliberate, and unauthorized use of Plaintiff MGR's registered and incontestable MY GAMEROOM® trademarks has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected

to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff MGR, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

43. As a direct and legal result of Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks, Defendants have damaged and will continue to damage Plaintiff MGR's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff MGR.

44. Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff MGR and to the public, who is confused by Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks.

45. Plaintiff MGR has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff MGR.

46. As a further direct and legal result of Defendants' actions, Plaintiff MGR has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

47. In addition, Plaintiff MGR is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

48. Plaintiff MGR is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

49. The damages sustained by Plaintiff MGR as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION

## UNDER 15 U.S.C. § 1125(a)

## BY PLAINTIFF MGR AGAINST ALL DEFENDANTS

50. Plaintiff MGR realleges each and every allegation set forth in Paragraphs 1 through 49, inclusive, and incorporates them by reference herein.

51. As herein alleged, Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks in connection with their purported offering for sale and selling of an exact or substantially similar product constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' exploitation suggests a false designation of the origin of the goods that they are purporting to sell.

52. As a direct and legal result Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks, Defendants have damaged and will continue to damage Plaintiff MGR and Plaintiff MGR's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff MGR.

53. Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff MGR and to the public, who is confused by Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks, unless restrained and enjoined by this Court.

54. Plaintiff MGR has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff MGR.

55. As a further direct and legal result of Defendants' actions, Plaintiff MGR has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff MGR's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

/ / /

/ / /

56.     In addition, Plaintiff MGR is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.

57.     Plaintiff MGR is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## THIRD CAUSE OF ACTION
## FEDERAL TRADEMARK DILUTION
## IN VIOLATION OF 15 U.S.C. § 1125(c)(1)
## BY PLAINTIFF MGR AGAINST ALL DEFENDANTS

58.     Plaintiff MGR realleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates them by reference herein.

59.     Plaintiff MGR is informed and believes and thereon alleges that, notwithstanding Defendants' knowledge of Plaintiff's federal registration and common law rights in the MY GAMEROOM® trademarks, Defendants have commercially used, exploited reproduced, copied, or colorably imitated the MY GAMEROOM® trademarks, in connection with the sale, offering for sale, distribution and/or advertising of exact and/or substantially similar products in a manner which has caused and will likely continue to cause confusion, mistake, or deception among the purchasing public as to the source of the Defendants' infringing products.  Not only have Defendants used the identical mark in commerce, but they have also used it for the identical or substantially identical product. Defendants' conduct in this regard is likely to dilute the distinctive qualities of Plaintiff MGR's MY GAMEROOM® trademarks by lessening the capacity of such a trademark to identify and distinguish Plaintiff MGR's product in the marketplace, and has resulted in an actual present injury to Plaintiff MGR and its MY GAMEROOM® trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

60.     As a direct and legal result of Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks, Defendants have damaged and will continue to damage Plaintiff MGR's goodwill and reputation, and have caused and are likely to continue to

cause a loss of profits for Plaintiff MGR.

61. Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff MGR and to the public, who is confused by Defendants' unauthorized use of Plaintiff MGR's MY GAMEROOM® trademarks. Plaintiff MGR has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

62. As a further direct and legal result of Defendants' actions, Plaintiff MGR has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion, in an amount to be proven at the time of trial.

63. In addition, Plaintiff MGR is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

64. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

65. The damages sustained by Plaintiff MGR as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

### BY PLAINTIFF MGR AGAINST ALL DEFENDANTS

66. Plaintiff MGR realleges each and every allegation set forth in Paragraphs 1 through 65, inclusive, and incorporates them by reference herein.

67. Defendants as alleged herein have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.

68. The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"),

as well as the common law of the State of California, including, but in no way limited to, the following:

Unlawful:  Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to, they constitute: the infringement of Plaintiff MGR's trademark rights.

Unfair:  Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another.  Plaintiff MGR's injuries resulting from the above-described conduct, in particular the use and exploitation of Plaintiff MGR's MY GAMEROOM® trademarks to steal consumers is substantial; the injury is not outweighed by any offsetting consumer or competitive benefits of that practice.  As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

69. Plaintiff MGR is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

70. The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff MGR.

71. Plaintiff MGR has no adequate remedy at law for the injuries that have been or will continue to be sustained.

72. Plaintiff MGR has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA
### BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ.*
### BY PLAINTIFF MGR AGAINST ALL DEFENDANTS

73. Plaintiff MGR realleges each and every allegation set forth in Paragraphs 1 through 72, inclusive, and incorporates them by reference herein.

74. The actions of Defendants herein alleged are unfair and unlawful, and also violate California Business and Professions Code §§ 17500, *et seq.*

75. As a result of Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the infringing products being wrongfully exploited, marketed, advertised, and sold by Defendants bearing Plaintiff MGR's MY GAMEROOM® trademarks.

76. Defendants knew the advertising was untrue and misleading and willfully continued to advertise and sell the infringing products to consumers.

77. As a result of the above described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff MGR and consumers in California and the United States.

78. As a further result of the above-described conduct, Plaintiff MGR has been, and will continue to be, unjustly deprived of the full value of the goodwill associated with Plaintiff MGR's MY GAMEROOM® trademarks.

79. The wrong acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff MGR, its business, its reputation, and its goodwill.

80. Plaintiff MGR has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MGR prays that this Court enter judgment in its favor and against Defendants as follows:

### ON THE FIRST, SECOND, AND THIRD CAUSES OF ACTION
### (Trademark Infringement)

1. That it be found Plaintiff MGR's MY GAMEROOM® trademarks has been infringed by Defendants' acts under 15 U.S.C. §§ 1114 and 1125;

2. That it be found that Defendants, and each of them, have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125 and California Business and Professions Code

§§ 17200, *et seq.*;

3. That it be found that Plaintiff MGR is entitled to recover damages from Defendants, and each of them, for their acts of federal trademark infringement, dilution, and unfair competition, and these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and Plaintiff MGR be awarded its reasonable attorneys' fees;

4. That it be found Plaintiff MGR is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and Plaintiff MGR further recover punitive damages because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

5. That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

    a. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the MY GAMEROOM® trademarks in connection with the advertising, distribution, offering for sale, or sale of cosmetics products, the same or similar to those offered by Plaintiff MGR, or likely to be confused with those of Plaintiff MGR, or likely to injure Plaintiff MGR's business, reputation, or the reputation of the MY GAMEROOM® trademarks;

    b. Using any combination, reproduction, counterfeit, copy or colorable imitation of the MY GAMEROOM® trademarks in any manner likely to cause confusion, to cause mistake, or to deceive the public;

    c. Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff MGR under a name or mark the same as or similar to Plaintiff MGR's MY GAMEROOM® trademarks;

    d. Committing any acts calculated to cause customers or consumers to believe

that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff MGR;  and

e. Otherwise competing unfairly with Plaintiff MGR in any manner, including, but not limited to, infringing usage of Plaintiff MGR's MY GAMEROOM® trademarks, or any confusingly similar marks.

6. That Defendants, and each of them, be required to deliver up to Plaintiff MGR for destruction, any and all materials which infringe Plaintiff MGR's MY GAMEROOM® trademarks in Defendants' possession and/or under their control;

7. That Defendants be required to deliver up to Plaintiff MGR for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under their control displaying or exploiting Plaintiff MGR's MY GAMEROOM® trademarks;

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff MGR, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction; and

9. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION
**(Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq*.)**

10. For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

11. For an order that Defendants restore to the general public all funds acquired through their infringing activities which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

12. Attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

13. For an award of restitution according to proof at the time of trial; and

14. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH CAUSE OF ACTION

### (False Advertising in Violation of California Business & Professions Code §§ 17500, *et seq.*)

15. For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

16. For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

17. For attorneys' fees and costs of suit incurred herein;

18. For an award of damages according to proof at the time of trial; and

19. For such other and further relief at law or equity, which the Court deems just and proper.

Dated: August 8, 2025

BERSTEIN LAW, PC

*/s/ David A. Berstein*

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
My Gameroom, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 8, 2025

BERSTEIN LAW, PC

*David A. Berstein*
David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff
My Gameroom, LLC