David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
Tel.  949.783.4210
E-mails: david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com

*Attorneys for Plaintiff MY GAMEROOM, LLC*

Diana Palacios (State Bar No. 290923)
Cristina Salvato (State Bar No. 295898)
Joel Richert (State Bar No. 327116)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
E-Mails: dianapalacios@dwt.com; tinasalvato@dwt.com; joelrichert@dwt.com
Tel. 213.633.6800

*Attorneys for Defendants HASBRO, INC. and KILBURN MEDIA LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MY GAMEROOM, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> HASBRO, INC., a Rhode Island corporation; KILBURN MEDIA, LLC, a California limited liability company; KILBURN LIVE, LLC, a Delaware limited liability company, KH FEC, LLC, a Delaware limited liability company, TGR AD, LLC, a Delaware limited liability | Case No. 2:25-cv-07392-MCS (MBKx) <br> Assigned to Honorable Mark C. Scarsi, Dept. 7C <br><br> **JOINT RULE 26(f) REPORT** <br><br> **<u>Scheduling Conference</u>** <br> Date: December 8, 2025 <br> Time: 10:00 AM <br> Courtroom: 7C |

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

1

**JOINT RULE 26(f) REPORT**

company; THE GAME ROOM FEC, LLC, a Delaware limited liability company; and DOES 1 through 10,

Defendants.

**TO THE COURT:** Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff MY GAMEROOM, LLC ("Plaintiff") together with Defendants HASBRO, INC. ("Hasbro") and KILBURN MEDIA, LLC ("Kilburn Media") (collectively, the "Parties") by and through their counsel of record, hereby respectfully submit the following Scheduling Report:

**(A)** **STATEMENT OF THE CASE:**

**1.    Plaintiff**

Plaintiff My Gameroom, LLC ("MGR") brings this action to remedy Defendants' willful infringement, dilution, and unfair competition involving Plaintiff's federally registered MY GAMEROOM® trademarks. Plaintiff owns incontestable federal registrations for the MY GAMEROOM® marks in Class 41 and Class 42 (U.S. Reg. Nos. 5610251 and 5599648), covering online entertainment services, gaming platforms, and related community engagement services. Plaintiff has used the marks extensively and continuously, building significant goodwill and consumer recognition.

Defendants—including Hasbro; Kilburn Media; Kilburn Live; KH FEC; TGR AD; TGR FEC; and related Doe defendants—operate or license a brick-and-mortar entertainment center branded as "THE GAMEROOM, Powered by Hasbro", along with the online domain gameroomad.com. Defendants have used marks identical or confusingly similar to Plaintiff's MY GAMEROOM® marks in their advertising, including through Google AdWords keyword purchases, social media marketing, and web promotion. Plaintiff alleges that Defendants' keyword bidding campaign deliberately diverted consumers searching for Plaintiff to Defendants' site, causing actual confusion and reputational harm.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

Plaintiff asserts causes of action for: (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) False Designation of Origin / Unfair Competition, 15 U.S.C. § 1125(a); (3) Federal Trademark Dilution, 15 U.S.C. § 1125(c); (4) Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200; and (5) False Advertising, Bus. & Prof. Code § 17500.

Plaintiff seeks damages (actual, disgorgement, and treble), injunctive relief, corrective measures, costs, and attorneys' fees.

### 2.    Defendants Hasbro and Kilburn Media

Plaintiff offers free-to-play online games, including casino-style games using its federally registered service marks MYGAMEROOM and MY GAMEROOM at the website, https://mygameroom.com/.  Defendant Hasbro is a toy and board game company with a portfolio of well-known brands.  Defendant Kilburn Media is a guarantor of a license agreement between Hasbro and KH FEC, an entity now in bankruptcy, for the use of certain intellectual property of Hasbro in connection with the development of brick-and-mortar entertainment venues offering interactive branded games, arcade games, playgrounds, food and beverage, and retail.

Plaintiff brings claims against multiple Defendants—Hasbro, Kilburn Media, and TGR AD, as well as three entities currently in bankruptcy (Kilburn Live, KH FEC, and TGR FEC) for (1) Trademark Infringement under 15 U.S.C. § 1114; (2) False Designation of Origin / Unfair Competition under 15 U.S.C. § 1125(a); (3) Trademark Dilution under 15 U.S.C. § 1125(c); (4) Violation of California's Unfair Competition Law under Bus. & Prof. Code § 17200; and (5) False Advertising under Bus. & Prof. Code § 17500 based on Defendants' alleged use of Plaintiff's marks in keyword advertising and other branding in connection with the marketing of a brick-and-mortar entertainment venue located in East Rutherford, New Jersey called "THE GAMEROOM Powered by Hasbro."  Defendants Hasbro and Kilburn Media deny that they engaged in unlawful keyword advertising or that the alleged keyword advertising would violate Plaintiff's rights.  Hasbro and Kilburn Media further deny that the alleged use of

**BERSTEIN LAW, PC**
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**JOINT RULE 26(f) REPORT**

4932-6948-5948v.2 0050033-002060

Plaintiff's marks in keyword advertising is likely to cause confusion, particularly given the weakness of Plaintiff's marks and the lack of similarity between the services being offered by Plaintiff and "THE GAMEROOM Powered by Hasbro" venue, and thus Plaintiff fails to state a claim for federal trademark infringement, and federal unfair competition, and for violation of California's unfair competition and false advertising laws as a matter of law.  Additionally, Plaintiff's federal trademark dilution claim fails because Plaintiff cannot show that its marks are famous (i.e. a household name) as required, and Plaintiff's claim for violation of California's false advertising law fails because Plaintiff cannot establish any false or misleading statements by Defendants. Hasbro and Kilburn Media deny that they may be held vicariously liable for the actions of other named defendants and have asserted a number of equitable defenses, including laches, estoppel, waiver, and unclean hands.

**(B)    SUBJECT MATTER JURISDICTION:**

Federal question jurisdiction exists under 15 U.S.C. §§ 1114, 1125; 28 U.S.C. §§ 1331, 1338. The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**(C)    LEGAL ISSUES:**

**1.    Plaintiff**

Key legal issues include: (1) Whether Plaintiff's MY GAMEROOM® marks are valid and protectable (including incontestability); (2) Whether Defendants' use of "THE GAMEROOM" and related keywords constitutes trademark infringement under the Lanham Act; (3) Whether Defendants' Google AdWords purchases and online/physical branding create a likelihood of confusion; (4) Whether Defendants diluted Plaintiff's mark under 15 U.S.C. § 1125(c); (5) Whether Defendants' marketing and keyword bidding are unfair or unlawful under California's UCL and FAL; (6) Whether Defendants' bankruptcy filings (Kilburn Live, KH FEC, TGR FEC) impact the scope of injunctive relief (not damages); and (7) Damages calculations, including disgorgement and potential trebling for willfully infringing acts.

**BERSTEIN LAW, PC**
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**JOINT RULE 26(f) REPORT**

### 2. Defendants Hasbro and Kilburn Media

Key legal issues include: (1) the strength, validity, and protectability of Plaintiff's marks; (2) whether Plaintiff's marks are famous, as required to state a claim for federal trademark dilution; (3) whether Defendants' alleged use of Plaintiff's marks constitutes trademark infringement or unfair competition under the Lanham Act; (4) whether Defendants' alleged use of Plaintiff's marks in keyword advertising creates a likelihood of consumer confusion; (5) whether defendants Hasbro and Kilburn Media may be held vicariously liable for the alleged acts of other defendants; (6) whether Defendants' alleged keyword advertising activities violate California's unfair competition and false advertising laws; and (7) whether Plaintiff is entitled to any damages, including disgorgement of profits, damages for willful infringement, or injunctive relief.

**(D) PARTIES, EVIDENCE, ETC.:**

### 1. Plaintiff

a. <u>Parties</u>

Plaintiff: My Gameroom, LLC (Delaware).

Defendants: Hasbro, Inc.; Kilburn Media; Kilburn Live; KH FEC; TGR AD; TGR FEC; Does 1–10.

b. <u>Key Witnesses (Known to Plaintiff at This Stage)</u>

Plaintiff's founders/managers regarding mark use, consumer confusion, business impact. Any of Plaintiff's applicable technical/marketing personnel regarding the operation of MyGameroom.com. Possible Google/AdWords custodians (third-party) regarding keyword bidding and analytics. Defendants' marketing teams regarding adoption and use of "THE GAMEROOM." Defendants' personnel overseeing gameroomad.com.

c. <u>Key Documents</u>

Plaintiff's trademark registrations and incontestability records. Plaintiff's marketing, use, and business records supporting longstanding use of MY GAMEROOM®. Defendants' AdWords purchase records. Defendants' marketing

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

5

**JOINT RULE 26(f) REPORT**

materials for "THE GAMEROOM." Screenshots demonstrating diversion through Google search. Cease-and-desist correspondence dated October 24, 2024, and subsequent communications. Documents showing Defendants' continued use of the infringing mark after notice. Bankruptcy filings.

**2.    Defendants Hasbro and Kilburn Media**

a.    <u>Parties</u>

Plaintiff: My Gameroom, LLC (Delaware).

Defendants: Hasbro; Kilburn Media; and TGR AD; as well as Defendants currently in bankruptcy (Kilburn Live; KH FEC; TGR FEC).

b.    <u>Key Witnesses</u>

Plaintiff's founders/managers regarding Plaintiff's registration history, use of the registered marks, services offered under the marks, alleged consumer confusion, and alleged business impact. Third-party consumers allegedly confused by Defendants' alleged use of Plaintiff's marks. Third-party Google Ads custodians regarding any relevant keyword purchases and analytics. Individuals involved in the development and adoption of "THE GAMEROOM Powered by Hasbro" brand. Individuals involved in online advertising and marketing for "THE GAMEROOM Powered by Hasbro" venue. Entity representatives of Hasbro and Kilburn Media regarding these entities' relationships with "THE GAMEROOM Powered by Hasbro" venue and its marketing activities.

c.    <u>Key Documents</u>

Plaintiff's trademark registrations, and application and prosecution history, and incontestability records. Records of third-party uses of marks similar to Plaintiff's marks. Google Ads records and analytics relevant to Plaintiff's marks. Records of online advertising and marketing, including any keyword advertising purchases and associated ads for "THE GAMEROOM Powered by Hasbro" and branding on http://mygameroom.com/ and https://gameroomad.com/. Records regarding the development and adoption of "THE GAMEROOM Powered by Hasbro" brand. Records

**BERSTEIN LAW, PC**
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

6

**JOINT RULE 26(f) REPORT**

establishing the nature of Hasbro and Kilburn Media's relationship with the other named defendants.    Records of Google search results for Plaintiff's marks.    Records demonstrating alleged consumer confusion and Plaintiff's alleged damages.

**(E)    DAMAGES:**

**1.    Plaintiff**

Plaintiff's damages include: (1) Lost profits caused by consumer diversion and confusion; (2) Corrective advertising costs required to restore Plaintiff's brand identity; (3) Disgorgement of Defendants' profits obtained from infringing use; (4) Treble damages available under 15 U.S.C. § 1117(b) due to alleged willful infringement; and (5) Attorneys' fees and costs. Exact amounts will be determined through discovery and expert analysis.

**2.    Defendants Hasbro and Kilburn Media**

Hasbro and Kilburn Media deny that Plaintiff is entitled to any form of damages, including disgorgement of profits, treble damages, or injunctive relief.    Additionally, Plaintiff has not provided an estimated range of provable damages.

**(F)    INSURANCE:**

**1.    Plaintiff**

Plaintiff is presently unaware of any applicable insurance coverage held by Defendants but anticipates discovery on this issue. Plaintiff seeks production of all applicable commercial liability, media liability, E&O, CGL, and advertising-injury policies.

**2.    Defendants Hasbro and Kilburn Media**

Kilburn Media's carrier has accepted coverage for the defense of this action subject to a reservation of rights.

**(G)    MOTIONS:**

**1.    Plaintiff**

Plaintiff does not anticipate moving the Court with any motions at this time.

**2.    Defendants Hasbro and Kilburn Media**

**BERSTEIN LAW, PC**
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**JOINT RULE 26(f) REPORT**

4932-6948-5948v.2 0050033-002060

Defendants Hasbro and Kilburn Media may move for leave to amend the pleadings or to file counterclaims if additional information regarding the activities of other named defendants or Plaintiff's registration history comes to light through further investigation and formal discovery.

**(H)    DISPOSITIVE MOTIONS:**

**1.    Plaintiff**

Plaintiff does not anticipate moving the Court with any dispositive or partially dispositive motions at this time.

**2.    Defendants Hasbro and Kilburn Media**

Hasbro and Kilburn Media will be filing a motion for judgment on the pleadings as to all claims on the grounds that (1) Plaintiff fails to state a claim for federal trademark dilution because Plaintiff has not and cannot plead that its marks are famous (i.e. a household name) as a matter of law; (2) Plaintiff fails to state a claim for federal trademark infringement and unfair competition, and for violations of California's unfair competition and false advertising laws because Plaintiff cannot demonstrate that the alleged use of Plaintiff's marks in keyword advertising creates a likelihood of confusion as a matter of law; and (3) Plaintiff additionally fails to state a claim for violation of California's false advertising law because Plaintiff fails to plead any false or misleading statements by Defendants.  In the event that this motion is not dispositive, Hasbro and Kilburn Media anticipate filing a motion for summary judgment by or before the deadline for dispositive motions on the grounds that there are no genuine disputes of material facts as to the foregoing topics, and additionally on the grounds that Plaintiff cannot establish vicarious liability over Hasbro and Kilburn Media or entitlement to damages (including disgorgement of profits, treble damages, or injunctive relief).

**(I)    MANUAL FOR COMPLEX LITIGATION:**

The Parties do not currently seek application of the Manual for Complex Litigation.

**(J)    STATUS OF DISCOVERY:**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

4932-6948-5948v.2 0050033-002060

No formal discovery has commenced. Plaintiff has gathered internal documents related to its trademark use, incontestability status, and evidence of confusion.  Parties will exchange initial disclosures pursuant to Rule 26(a)(1).

**(K)    DISCOVERY PLAN:**

### 1.    Plaintiff

Plaintiff proposes to conduct detailed discovery on the following subjects: (1) Defendants' Use of THE GAMEROOM (adoption and creation of branding and all internal communications regarding name selection; (2) Digital Advertising and Google AdWords (keyword lists, bids, budgets, click-through rates, search term reports and conversion data, historical campaigns and retargeting data); (3) Consumer Confusion Evidence (complaints, inquiries, or internal reports of confusion and survey evidence (expert)); (4) Financials and Damages (revenues attributable to the infringing branding, marketing spend and ROI data, customer acquisition records); (5) Bankruptcy-Related Entities (Injunctive Relief Scope) (relationship between Kilburn Media, Kilburn Live, KH FEC, TGR AD, TGR FEC, licensing agreements between Hasbro and Kilburn entities); (6) ESI (Email communications among Defendants, Website analytics for gameroomad.com, Social media content). Phased discovery is not appropriate due to the overlap of liability and damages issues.

### 2.    Defendants Hasbro and Kilburn Media

Hasbro and Kilburn Media anticipate discovery on the following subjects: (1) Plaintiff's services and use of their registered marks; (2) Plaintiff's online branding and keyword advertising activities; (3) Plaintiff's registration history; (4) Plaintiff's alleged consumer confusion; (5) Plaintiff's alleged damages; (6) Third-party Google Ads purchases and data analytics relevant to Plaintiff's marks; (7) Marketing, keyword advertising, and online advertising by other named defendants; (8) Historical web page branding on https://mygameroom.com/ and https://gameroomad.com/; and (9) Expert discovery regarding survey data, consumer confusion, online/keyword advertising, and damages.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

9

**JOINT RULE 26(f) REPORT**

4932-6948-5948v.2  0050033-002060

Hasbro and Kilburn Media additionally note that key documents and information may reside with third parties or with the defendants currently in bankruptcy, and they anticipate potential delay or difficulty in obtaining key information that is subject to the control of the bankruptcy trustee and/or the bankruptcy court.  Hasbro and Kilburn Media are making an early challenge to liability through their motion for judgment on the pleadings and do not at this time anticipate a need for phased discovery of liability and damages.

**(L)    DISCOVERY CUT-OFF:**

**1.    Plaintiff**

Plaintiff proposes non-expert discovery cut-off 10 months after issuance of Scheduling Order.

**2.    Defendants Hasbro and Kilburn Media**

Although Hasbro and Kilburn Media agree that additional time for discovery is needed, they propose a non-expert discovery cut-off approximately 7.5 months after issuance of the Scheduling Order in order to comply with the Court's 18-month trial deadline.

**(M)    EXPERT DISCOVERY:**

**1.    Plaintiff**

Plaintiff proposes:

Initial expert disclosures: 7 days after fact discovery cutoff.

Rebuttal disclosures: 14 days thereafter.

Expert discovery cutoff: 14 days after rebuttal.

Experts will address consumer confusion, branding, damages, and survey analysis.

**2.    Defendants Hasbro and Kilburn Media**

Hasbro and Kilburn Media Propose:

Initial expert disclosures: 7 days after fact discovery cutoff

Rebuttal expert disclosures: 14 days thereafter.

Expert discovery cutoff: 14 days after rebuttal.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

10

**JOINT RULE 26(f) REPORT**

Hasbro and Kilburn Media anticipate that the topics of expert discovery may include consumer confusion, survey analysis, online/ keyword advertising, and damages and request that expert discovery conclude before the last date to file dispositive motions so that this information can be included in any anticipated motion for summary judgment.

**(N)    SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR"):**

### 1.    Plaintiff

Plaintiff participated in pre-suit communications. No substantive settlement discussions have occurred. Plaintiff is willing to participate in ADR and prefers private mediation and/or Magistrate Judge settlement conference.

### 2.    Defendants Hasbro and Kilburn Media

The Parties have not yet engaged in settlement discussions.  Hasbro and Kilburn Media are willing to participate in ADR and would prefer private mediation with a mediator experienced in trademark law and online advertising.

**(O)    TRIAL ESTIMATE:**

### 1.    Plaintiff

Plaintiff estimates 7 court days for jury trial. Plaintiff expects to call 6–8 witnesses (including fact witnesses and experts).

### 2.    Defendants Hasbro and Kilburn Media

Hasbro and Kilburn Media estimate 7 court days for trial.  They expect to call 8-10 witnesses (including fact witnesses and experts).

**(P)    TRIAL COUNSEL:**

### 1.    Plaintiff

Plaintiff will be represented at trial by David A. Berstein and J.R. Dimuzio.

### 2.    Defendants Hasbro and Kilburn Media

Kilburn Media and Hasbro will be represented at trial by Diana Palacios, Cristina Salvato, and Joel Richert.

**(Q)    INDEPENDENT EXPERT OR MASTER:**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

4932-6948-5948v.2 0050033-002060

Not anticipated at this time, but the Parties reserve the right to revisit depending on the complexity of online advertising data and third-party analytics.

**(R)    SCHEDULE WORKSHEET:**

The Parties submit their proposed dates in the jointly completed Schedule of Pretrial and Trial Dates Worksheet attached hereto, consistent with the Court's requirement that trial commence within 18 months of filing.

Dated: November 24, 2025                    Respectfully submitted,

**BERSTEIN LAW, PC**

/s/ David A. Berstein
David A. Berstein
J.R. Dimuzio
Kia Mojabe
Attorneys for Plaintiff
My Gameroom, LLC

Dated: November 24, 2025                    Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**

/s/ Cristina Salvato
Diana Palacios
Cristina Salvato
Joel Richert
Attorneys for Defendants
Hasbro, Inc. and Kilburn Media LLC

* Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

**JOINT RULE 26(f) REPORT**

4932-6948-5948v.2 0050033-002060

**JUDGE MARK C. SCARSI**

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

**Case No.** 2:25-cv-07392-MCS-MBK   **Case Name:** My Gameroom, LLC v. Hasbro, Inc., et al.

| Trial and Final Pretrial Conference Dates | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|
| Check one: ☒ Jury Trial  or  ☐ Court Trial **(*Tuesday* at 8:30 a.m., within 18 months after Complaint filed)** Estimated Duration: 7 Days | 02/09/2027 | 02/09/2027 | ☐ Jury Trial ☐ Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine **(*Monday* at 2:00 p.m., at least 15 days before trial)** | 01/18/2027 | 01/25/2027 | |

| Event [1] **Note:** Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to **Hear** Motion to Amend Pleadings/Add Parties *[Monday]* | | | 03/30/2026 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 09/21/2026 | 08/17/2026 | |
| Expert Disclosure (Initial) | | | 08/24/2026 | |
| Expert Disclosure (Rebuttal) | | | 09/08/2026 | |
| Expert Discovery Cut-Off | 12 | 10/26/2026 | 09/21/2026 | |
| Last Date to **Hear** Motions *[Monday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 12/07/2026 | 11/02/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] **Select one:** ☐ 1. Magistrate Judge *(with Court approval)* ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 10 | 11/09/2026 | 11/16/2026 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony *(court trial only)* | 3 | 12/28/2027 | 12/21/2026 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 01/04/2027 | 01/11/2027 | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** ***Patent and ERISA cases in particular may need to vary from the above.***

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

## <u>DECLARATION OF ELECTRONIC SERVICE</u>

**Central District of California Case No. 2:25-cv-07392-MCS (MBKx)**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5-3.2.1, which provides: "Upon the electronic filing of a document, a 'Notice of Electronic Filing' ("NEF") will be automatically generated by the CM/ECF system and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R. Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served".

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on <u>November 24, 2025</u>, at Newport Beach, California.

By: /s/ _____
David A. Berstein

**BERSTEIN LAW, PC**
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

1
**DECLARATION OF ELECTRONIC SERVICE**